IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP LETO and CHRISTIE LETO, a/k/a CHRISTIE CAPELLO, | ) <br> ) Case No. 7:24-cv-01609 <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| CSX TRANSPORTATION, INC., | ) <br> ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER

Based on agreement of all parties to this case, for good cause shown, and pursuant to Federal Rules of Civil Procedure, the entry of a Protective Order is appropriate in this case.

In this case, counsel for Plaintiffs will be provided access to the personnel files of CSX employees ("Personnel Files"), which are the confidential and proprietary nature subject to the entry of this Order by the Court. Additionally, counsel for Plaintiffs will be provided access to Wi-Tronix[1] log-information for a period of 6 months, which can be extended in 30 or 60 day intervals throughout the length of litigation, and LocoCam locomotive video data or disc of the incident in question by CSX, which is of a confidential and proprietary nature, subject to entry of this Order by the Court. For protection against the unauthorized disclosure or improper use of the Wi-Tronix log-in information and/or LocoCam data or disc and personnel files and to protect the confidential nature thereof, the parties, by their counsel, have agreed to the entry of the following Protective Order.

It is, therefore, ORDERED by the Court, and by express agreement of the parties, their counsel, and representatives, that the following Protective Order be entered in this matter:

---

[1] The Violet View video footage is located on a Wi-Tronix website.

## I. DISCOVERY PHASE

A. No party or attorney or other person subject to the stipulated Protective Order shall distribute, transmit, or otherwise divulge the Wi-Tronix log-in information and/or LocoCam data or disc, personnel files, or the contents thereof, except in accordance with this stipulated Protective Order.

B. The Wi-Tronix log-in information and/or LocoCam data disc, personnel files or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purposes of this action. Nothing contained in the stipulated Protective Order shall prevent the use of the Wi-Tronix log-in information and/or LocoCam data disc, personnel files or the contents thereof, at any discovery depositions taken in this action.

C. If a party or attorney wishes to disclose the Wi-Tronix log-in information and/or LocoCam data disc, personnel files, or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, consultant), beyond the employees of the office of the party's counsel, the person making the disclosure shall do the following:

1. Provide a copy of the stipulated Protective Order to the person to whom disclosure is made;

2. Inform the person to whom disclosure is made that she/he is bound by the stipulated Protective Order;

3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of the stipulated Protective Order;

4. Instruct the person to whom disclosure is made to return the Wi-Tronix log-in information and/or LocoCam data disc, or the contents thereof, at the conclusion of the case, including notes or memoranda made from Wi-Tronix log-in information and/or LocoCam data disc or personnel files, or the contents thereof;

5. Maintain a list of person(s) to whom disclosure was made; and

6. At the conclusion of the action, gather the Wi-Tronix log-in information and/or LocoCam data disc and personnel files, and any copies of the contents thereof, and either (a) return them to the property or attorney who originally disclosed them, or (b) destroy such material and related notes and memoranda, and provide the disclosing party/attorney with a Certificate of Compliance with the terms of this Protective Order.

## II. POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, the Wi-Tronix log-in information and/or LocoCam data disc, personnel files, or the contents thereof, he or she shall endeavor to provide reasonable notice to the party that produced the material. The party and/or attorney shall then attempt to resolve the matter. If an amicable resolution proves unsuccessful, the party wishing to present the material shall file the same "under seal" as permitted by the Court, or the parties and/or attorneys may present the issue to the Court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the material should be withheld from the public record in accordance with the applicable local rules of civil procedure and/or controlling precedent.

AGREED TO BY:

AGREED TO BY:

*Corey Kirkwood*

Corey C. Kirkwood, Esq.
Burns White LLC
48 26th Street, Burns White Center
Pittsburgh, PA 15222
(412) 995-3000
*Attorneys for Defendant,*
*CSX Transportation, Inc.*

Jeffrey T. Millman, Esquire
Philips & Millman, LLP
148 South Liberty Drive
Stony Point, New York 10980
(845) 947-1100
*Attorneys for Plaintiffs*

SO ENTERED:

Date: December 4, 2024

*Andrew Krause*
_____
Judge